MISCHELLE R. FULGHAM, ISB# 4623
TORI J. OSLER, ISB #9877
LUKINS & ANNIS, P.S.
601 E. Front Avenue, Ste. 303
Coeur d'Alene, ID 83814-5155
Telephone: (208) 667-0517
Facsimile: (208) 664-4125
mfulgham@lukins.com
tosler@lukins.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| MICHAEL MEAGHER, | |
|---|---|
| Plaintiff, | CASE NO. |
| vs. | VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL |
| CITY OF PLUMMER, a municipal corporation and political subdivision of the State of Idaho, | |
| Defendant. | |

## NATURE OF THE ACTION

1.    Plaintiff MICHAEL MEAGHER ("Mr. Meagher") brings this civil action against the City of Plummer ("City") to redress disability discrimination in employment under the Idaho Human Rights Act ("IHRA"), Idaho Code § 67-5909, Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 et seq.    Plaintiff Meagher alleges upon knowledge, and otherwise upon information and belief, as follows:

## PARTIES

2.    Plaintiff Michael Meagher is and was a resident and citizen of Benewah County, State of Idaho at all relevant times herein. At all times relevant, Mr. Meagher was a "qualified

COMPLAINT AND DEMAND FOR JURY TRIAL: 1

individual" within the meaning of 42 U.S.C. §12111(8). Mr. Meagher, at all times, relevant, applied for a position as the Public Works Superintendent with the City of Plummer, was interviewed on at least one occasion for the position, was told he would be offered the job, but was subsequently denied employment due to false information about a perceived disability.

3. Defendant, City of Plummer, is a municipal corporation, organized under the laws of the State of Idaho located in Benewah County. At all times relevant, the City of Plummer is and is an "employer" as defined by the ADA, 42 U.S.C. § 1211(5)(A) and the IHRA, Idaho Code § 67-5902(6).

## JURISDICTION AND VENUE

4. This Court has proper jurisdiction and venue over this action because the actions that form the basis of this Complaint occurred in Benewah County, Idaho.

5. Mr. Meagher has perfected his administrative rights by timely filing his charge of discrimination with the Idaho Human Rights Commission on August 8, 2016, waiting over 365 days for a determination and requesting his Right to Sue. Plaintiff's Right to Sue is attached as **Exhibit A**.

## GENERAL ALLEGATIONS

A. BACKGROUND

6. From May 2000 to June 2014, Mr. Meagher worked for the Gateway Fire Protection District ("Gateway") in Plummer, Idaho. During his employment with Gateway his doctor imposed a temporary lifting restriction of thirty-five pounds. The restriction prevented lifting or carrying anything over thirty-five pounds. The lifted restriction was temporary and was no longer required by May, 2006.

7. During Mr. Meagher's employment with Gateway, he routinely worked with Greg

McFadden, City of Plummer Public Works Department employee. Mr. McFadden did not like Mr. Meagher and regularly disagreed with Plaintiff and tried to cause Mr. Meagher to be terminated.

8. In January 2016, the City of Plummer published notice of a job opening for a City's Public Works Superintendent.

9. On January 26, 2016, Mr. Meagher applied for the Public Works Superintendent position with the City of Plummer. Mr. Meagher was one of six (6) other applicants.

10. Mr. Meagher was qualified for the Superintendent position in which he applied.

11. On February 11th and 12th, the City of Plummer interviewed five applicants of the six that applied. On Friday, February 12th, Mr. Meagher interviewed for the position.

12. The interviews were conducted by four members of the community – the City Mayor, Bill Weems, a member of the City's clerk's office, Marissa Hanlan, a retired member of the community, John Wheaton, and a city crewman, Greg McFadden, who strongly disliked Plaintiff and had been tried to cause Mr. Meagher's termination from Gateway, hereinafter ("interview committee"). During the interview process, all applicants were asked a standard set of questions by the interview committee. Attached hereto as **Exhibit B** is a true and correct copy of the questions asked to each interviewee.

13. Upon information and belief, after all of the interviews were complete, the members of the interview committee scored the individual applicants. Each applicant was given a number one (1) to five (5) with one being the person they believed should be offered the job, and five being the person least qualified.

14. Upon information and belief, the interview committee added up the individual scores they assigned to each applicant. The applicant with the lowest score was deemed the

COMPLAINT AND DEMAND FOR JURY TRIAL: 3
01637813 11/17/17

strongest applicant.

15. Of the applicants, Richard Morehouse scored the lowest score of twelve (12). Mr. Meagher scored the second lowest score of thirteen (13). Attached hereto as **Exhibit C** is a true and correct copy of the scoring sheet performed by the interview committee.

16. On or about February 18, 2016, the City of Plummer held a city council meeting. Upon information and belief, the city council discussed the open Public Works Superintendent position and the interview committee's ranking of the applicants. The City Council voted – two votes were cast for Mr. Morehouse and two votes (including the Mayor's vote) for Mr. Meagher. The City Counsel ultimately recommended Mr. Morehouse for the position of Public Works Superintendent. Attached hereto as **Exhibit D** is a true and correct copy of the City Council Meeting Minutes.

17. Mr. Meagher learned of this decision on February 22, 2016, when he inquired as to the status of the job position. Sara Gelther, the clerk, said the position had been offered to Mr. Morehouse.

18. Upon information and belief, Mr. Morehouse declined the offer on February 23, 2016.

19. Thereafter, Mr. Meagher inquired as to the status of the position and was informed by members of the interview committee that he would be offered the position. Mr. Meagher was told he was the second choice and the first choice applicant had rejected his offer of employment.

20. Upon information and belief, after Mr. Morehouse declined the offer, Mayor Weems informed the interview committee that he was going to offer the position to Mr. Meagher. Upon information and belief, the interview committee discussed the other applicants,

and specifically discussed Mr. Meagher. Mr. McFadden, who had a fight with Mr. Meagher and who disliked Mr. Meagher from his previous work as Fire Chief and threatened negative action if Mr. Meagher were to be hired. During these discussions, Mr. McFadden falsely and maliciously informed the interview committee including Mayor Weems that Mr. Meagher should not be hired because had a weight lifting restriction although he scored the second best score. Mr. McFadden's statement was false.

21.    Thereafter, as a result of Mr. McFadden's false and discriminating statement, the position for Public Works Superintendent was not offered to Mr. Meagher.

22.    Sometime thereafter in 2016, the City of Plummer terminated the Public Works Superintendent position altogether allegedly due to budget issues. However, this claim is a pretext for discrimination because the City's budget remained intact and the same as it was when the very same position was offered to Mr. Morehouse.

## COUNT ONE
## Violation of The Americans with Disabilities Act (ADA)
## 42 U.S.C. § 12101 *et seq.*

23.    Plaintiff incorporates by reference all paragraphs as fully set forth herein.

24.    42 U.S.C. § 12112(a) provides in pertinent part:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

25.    42 U.S.C. § 12112(b) defines the term "discriminate" to include:

> (1) limiting, segregating, or classifying a job applicant or employee in a way that adversely affects the opportunities or status of such applicant or employee because of the disability of such applicant or employee;

> (2) participating in a contractual or other arrangement or relationship that has the effect of subjecting a covered entity's qualified applicant or employee with a disability to the discrimination prohibited under this subchapter . . .;
>
> (3) utilizing standards, criteria, or methods of administration —
>
>> (A)   that have the effect of discrimination on the basis of disability; or
>>
>> (B)   that perpetuate the discrimination of others who are subject to common administrative control;
>
> (4) excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association;
>
> (5)   (A) not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, . . .; or
>
>> (B) denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with such a disability . . .;
>
> (6) using qualification standards, employment tests or other selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with disabilities . . .

26.   42 U.S.C. § 12203 provides in pertinent part:

> Prohibition against retaliation and coercion.
>
> (a) Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act.
>
> (b) Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this

27. At all times relevant, Mr. Meagher was a "qualified individual with a disability" as defined in 42 U.S.C § 12111(8) and 12102(1)(A)-(C) in that Mr. Meagher could perform the essential functions of the position for which he applied.

28. Previously, Mr. Meagher had a disability within the meaning of 42 U.S.C. § 12102(2) in that Mr. Meagher was perceived and regarded by the City of Plummer as having a disability.

29. In violation of the ADA, the City of Plummer discriminated against Mr. Meagher in one or more of the following ways: (a) refusing to consider Mr. Meagher for a position that he was qualified and able to perform all of the essential functions of the job after the first applicant declined the position; (b) failing to adopt, implement and enforce adequate policies prohibiting unlawful discrimination in the workplace; and (c) refusing to hire Mr. Meagher for the position of Superintendent, a position he was qualified for, because of his perceived disability.

30. The City of Plummer's discriminatory actions towards Mr. Meagher were on account of a perceived disability that he did not in fact have.

31. The City of Plummer's discriminatory actions towards Mr. Meagher were willful, wanton and malicious.

32. The City of Plummer's policies, practices and procedures have produced a disparate impact on Mr. Meagher as a member of a protected class.

33. As a proximate and actual result of the City of Plummer's actions, Mr. Meagher has suffered and continues to suffer damages, including but not limited to (a) economic loss in the form of lost employment, (b) employee benefits and other terms and conditions of employment to which he is rightfully entitled, (c) non-economic loss such as emotional distress and mental anguish by virtue of the acts or omissions of the City of Plummer so as to entitle Mr.

Meagher to legal and equitable relief.

## COUNT TWO
## IDAHO HUMAN RIGHTS ACT ("IHRA")
### Idaho Code § 67-5909(1)
### Disability Discrimination

34. Plaintiff incorporates by reference all paragraphs as fully set forth herein.

35. At all times relevant, Mr. Meagher was perceived or regarded as having a disability pursuant to Idaho Code § 67-5902(15).

36. The City of Plummer's actions, including but not limited to (i) those detailed above, constituted disability discrimination under the IHRA.

37. The City of Plummer's discriminatory actions towards Mr. Meagher were on account of his disability.

38. The City of Plummer's discriminatory actions towards Mr. Meagher were willful.

39. The City of Plummer's policies, practices and procedures had produced a disparate impact on Mr. Meagher as a member of a protected class.

40. As a proximate and actual result of the City of Plummer's actions, Mr. Meagher has suffered and continues to suffer damages, including but not limited to (a) economic loss in the form of lost employment, (b) employee benefits and other terms and conditions of employment to which he is rightfully entitled, (c) non-economic loss such as emotional distress and mental anguish by virtue of the acts or omissions of the City of Plummer so as to entitle Mr. Meagher to legal and equitable relief.

## PUNITIVE DAMAGES
### Idaho Code § 67-5908(3)(e) and 42 U.S.C. §§ 1981a(b)

The City of Plummer's discriminatory actions towards Mr. Meagher were intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of his rights, entitling Mr. Meagher to punitive damages under the IRHA and the ADA.

COMPLAINT AND DEMAND FOR JURY TRIAL: 8
01637813 11/17/17

## JURY DEMAND

1. Mr. Meagher demands a trial by jury on all issues.

## ATTORNEYS' FEES

2. Mr. Meagher is entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 12205, 29 U.S.C. § 216(b), and 42 U.S.C. § 2000e-5(k).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff MICHAEL MEAGHER prays for and requests the following relief against Defendant City of Plummer:

A. An award of loss of income, lost benefits, and other damages for lost compensation and job benefits suffered by Mr. Meagher, to be determined at trial;

B. Any other appropriate equitable relief to which Mr. Meagher is entitled;

C. An award of liquidated damages, to be determined at trial;

D. An award of punitive damages, to be determined at trial;

E. An award of attorneys' fees and costs;

F. Pre-judgment interest; and

Such other relief as the Court may deem just and proper.

DATED this 20th day of November, 2017.

LUKINS & ANNIS, P.S.

/s/Mischelle R. Fulgham
MISCHELLE R. FULGHAM
Attorneys for Plaintiff

## VERIFICATION

STATE OF IDAHO      )
                    :ss.
County of Kootenai  )

I, MICHAEL MEAGHER, being first duly sworn on oath, deposes and says:

That I am a Plaintiff named in the foregoing instrument; that I have personal knowledge of the facts and allegations therein; that I have read the contents thereof; and that the same are true to the best of my personal knowledge and belief.

_____
MICHAEL MEAGHER

SUBSCRIBED AND SWORN to before me this 17 day of November, 2017.

_____
Notary Public for Idaho
Residing at Hayden
Commission Expires 10-22-18

TERRI BOYD-DAVIS
Notary Public
State of Idaho

COMPLAINT AND DEMAND FOR JURY TRIAL: 10
11/15/17